**GALE W. GREENLEE, INC., Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant.**

**Civ. A. No. 84-C-989.**

United States District Court,
D. Colorado.

July 10, 1985.

James A. Mundt, Colorado Springs, Colo., for plaintiff.

Timothy M. Mulligan, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER

CARRIGAN, District Judge.

Plaintiff brought this action to recover Internal Revenue taxes allegedly overpaid by it. Defendant counterclaimed for additional taxes allegedly due. Both parties have moved for summary judgment.

The following facts have been stipulated:

1. During all periods relevant to this suit, Gale W. Greenlee was the sole shareholder, President and a director of Gale W. Greenlee, Inc., the plaintiff.

2. Both plaintiff and Gale W. Greenlee, the individual, during the times in question, were cash basis taxpayers.

3. A Memorandum of Understanding between Greenlee and the plaintiff, dated January 2, 1976, provided that "No dividends or distributions of taxable income are intended and no salaries are intended." The Minutes of the Corporation dated January 3, 1976 confirmed this agreement. The books of both plaintiff and Greenlee also reflect the nonpayment of wages, and the tax returns filed by both plaintiff and Greenlee state that no wages were paid.

4. As authorized by an agreement between Gale W. Greenlee and Gale W. Greenlee, Inc., loans were made by Gale W. Greenlee to Gale W. Greenlee, Inc., during some months and loans were made by Gale W. Greenlee, Inc., to Gale W. Greenlee in other months. The loan accounts in favor of the plaintiff and due from Greenlee at the end of each corporate year (January 31st) were as follows:

| Year | Amount |
|------|--------|
| 1978 | $23,800.72 |
| 1979 | 27,577.35 |
| 1980 | 78,549.37 |
| 1981 | 113,616.92 |
| 1982 (January 30th) | 184,144.84 |
| 1982 (January 31st) | −10,000.00 |

5. On January 31, 1982, the loan balance in favor of the corporation amounted to $184,144.00. At that point, the corporation owed Greenlee rent of $36,000.00 ($30,000.00 rent on accounts, $6,000.00 rent on building). This left a balance due to the corporation from Greenlee of $148,144.00. Greenlee took a distribution from the corporation of $158,144.00 on January 31, 1982. This distribution wiped out the undistributed taxable income which had accumulated within the corporation. The distribution was reported on Gale W. Greenlee's 1982 individual tax return and the tax return of the corporation. At this point, Greenlee loaned the corporation $10,000.00. This left a loan balance at the close of business on January 31, 1982 of $10,000.00 in favor of Greenlee and owed by the corporation.

6. On January 31, 1982, the undistributed taxable income was $153,618.00. This amount plus $4,526.00, or a total of $158,144.00, was distributed to Gale W. Greenlee and was reported not only on the corporation's tax return, but also by Gale W. Greenlee on his individual income tax return for that year.

7. Written Promissory Notes were drafted to reflect the transactions in question, and Greenlee repaid the loans in full on January 31, 1982. The notes did not bear interest, were unsecured and were demand notes.

8. Gale W. Greenlee provided valuable services to the corporation during the period in question.

9. On February 1, 1982, Gale W. Greenlee sold 50% of his interest in Gale W. Greenlee, Inc., to another CPA.

10. If the case is decided in favor of the defendant, the defendant is entitled to $9,716.83 and $408.00 respectfully for 1979, 1980 and 1981 FICA and FUTA taxes. These amounts are based upon the defendant's assignment of $2,125.00, except January, 1979, as wages for Greenlee.

The sole issue is whether the loans from the plaintiff corporation to Gale W. Greenlee were "wages" for purposes of the Federal Insurance Contribution Act (FICA), 26 U.S.C. § 3101 *et seq.*, and the Federal Unemployment Tax Act (FUTA), 26 U.S.C. § 3301 *et seq.* If the loans are characterized as "wages," it is undisputed that the plaintiff will owe FICA and FUTA taxes on those wages. The amounts of the taxes are undisputed.

The parties have stipulated to all evidentiary facts, and the only dispute concerns the inferences to be drawn from those facts. Summary judgment is therefore appropriate.

In determining the federal tax consequences of a transaction, I must examine the substance of the transaction rather than its form. *Frank Lyon Co. v. United States,* 435 U.S. 561, 98 S.Ct. 1291, 55 L.Ed.2d 550 (1978). This transaction is subject to special scrutiny since it is between a closely-held corporation and the stockholder who owns all of its stock. *Tulia Feedlot, Inc. v. United States,* 513 F.2d 800 (5th Cir.1975).

I find and conclude that the transactions in question, in substance, constituted the payment of wages by the plaintiff corporation to Gale W. Greenlee. I base this finding on the following facts. First, the "loans" were unsecured demand notes bearing no interest. Second, the Memorandum of Understanding did not specify the conditions under which loans would be made. Rather, the loans were made entirely at the discretion of Gale W. Greenlee. Third, Gale W. Greenlee regularly performed substantial, valuable services for the plaintiff. Finally, the repayment of the loan was simply a paper transaction in which the outstanding loan balance was credited against undistributed income and rental payments owed by the plaintiff to Gale W. Greenlee. *See Haber v. Commissioner,* 52 T.C. 255 (1969).

For the foregoing reasons, I conclude that the plaintiff is liable for FICA and

FUTA taxes on the loan transactions in question. Accordingly, it is ordered that the defendant's motion for summary judgment is granted and the plaintiff's motion for summary judgment is denied.

It is ordered that judgment be entered in favor of the defendant and against the plaintiff in the amount of $10,124.00.